SUCCESSION OF JACINTHE GOURJON—AUSUSTE O'DUHIGG, and others, Appellants.

A testator appointed two persons as his executors, and named two others, A. and B., to replace them, in case of the death or absence of the former, leaving a certain sum to each of those who might discharge the duties of executor. One of the persons first named having died, A. applied to be appointed executor in his place, which was opposed by B., who claimed the appointment. A. obtained a dismissal of his application as in case of non-suit ; and a judgment was rendered refusing to appoint B., from which the latter appealed, citing A. as appellee. Pending this appeal, A. renewed his application to the Probate Court, and was appointed executor ; and from this judgment no appeal was taken. The first named executor and A. having administered on the estate, afterwards filed a tableau of distribution, by which one of the sums bequeathed to the acting executors was allowed to A., and this tableau was homologated by the Probate Court. A decision being subsequently rendered on the appeal of B., by which the latter was declared to be entitled to the appointment of executor, a rule was taken by him in the Probate Court on A., and on the first named executor, to show cause why the legacy should not be paid to him, B. The rule was made absolute, and the judgment affirmed on appeal.

The services of counsel employed to obtain the appointment of a person as executor, are to be paid by the applicant, and not by the estate, whether the application succeed or fail.

APPEAL from the Court of Probates of New Orleans, *Bermudez, J.*

*Blache,* for Cavelier.

*L. Janin,* for the appellant O'Duhigg.

*Roselius* and *P. A. Bernard,* appellants, *pro se.*

BULLARD, J. The facts which gave rise to this controversy may be seen by referring to the case of the *Succession of Gourgon—E. L. Bernard, Appellant,* decided in April, 1844. 7 Rob.

It now appears that while Bernard was prosecuting his appeal from the judgment of the Probate Court refusing to appoint him executor, on the ground that he had gone into bankruptcy, and O'Duhigg, his competitor, was before us as appellee, the latter renewed his application to be recognized as executor, and succeeded in the Court of Probates. From that judgment no appeal was prosecuted. The consequence was, that O'Duhigg was acting as executor, in virtue of a judgment having the force of the thing adjudged, and Bernard was appointed by the

appellate court contradictorily with O'Duhigg. This state of things was not a little embarrassing, and led to the question which this case now presents, to wit, which of the two is entitled to the legacy of $1500, given by the will to each of the two act-ing executors, Cavelier, the other executor, being incontestably entitled to one of the legacies.* The *tableau*, made out by Ca-velier and O'Duhigg, awarded the legacy to O'Duhigg, but, on a rule afterwards taken by Bernard, the *tableau* was amended, and the legacy decreed to the latter, under the appointment of the Supreme Court. From that judgment O'Duhigg prosecutes this appeal.

It is clear that the merits of the original controversy cannot be gone into in this case. Each has a judgment of a competent tribunal in his favor, pronounced contradictorily with his adver-sary. It would, perhaps, have been more regular if Bernard had appealed from the judgment appointing O'Duhigg ; but the effect would have been the same, because that judgment would have had its effect pending the appeal, and the same difficulty would have occurred in disposing of the legacy, which is the great bone of contention, the administration of the estate being in perfectly safe hands. It is said by O'Duhigg, or his assignee, in his answer to the rule taken on him by Bernard, that the judg-ment of the Supreme Court was an *ex parte* judgment, to which neither he, nor the succession of Gourjon was a party. This as-sertion is contradicted by the record, from which it appears not only that O'Duhigg was personally cited as appellee, but that he attempted to make himself a party in his capacity of execu-tor, in virtue of the proceedings subsequently carried on in the Court of Probates ; and we held in that case, that it was not ne-cessary to make the succession a party, in a controversy be-tween two persons contending for its administration. As soon

---

* The clause of the will referred to, is in the following words : " Je nomme pour mes executeurs testamentaires en ce qui concerne les biens à la Nouvelle Orleans, Messieurs S. et C. ; et en cas de décès ou d'absence, je nomme pour remplacer Mes-sieurs O. et B. Je les prie de vouloir ce me rendre ce service, ainsi que d'agréer comme temoignage de ma gratitude une somme de quinze cents piastres, que je donne et légue à chacun de ceux qui rempliront cette charge, pour les déd ommager de leurs peines et soins."

as that judgment was pronounced, it was conclusive upon O'Duhigg, and in the last resort.    The court, therefore, did not err in awarding the legacy to Bernard.    The homologation of the account filed by the executors, is not conclusive upon Bernard.

There is another appeal, by C. Roselius and P. A. Bernard, the attorneys of E. L. Bernard, from a judgment overruling their pretensions, to be paid for their professional services in obtaining the appointment of Bernard out of the estate.    We concur with the court in the opinion, that such services are to be paid by the applicant, and not by the succession.    If they had failed, they would still have been entitled to a fee, but surely not chargeable upon the estate.

*Judgments affirmed.*