The opinion of the court was delivered by
Miller, J.
This appeal is from the judgment dismissing the opposition of the appellants, claiming to be placed on the tableau of distribution in this succession for one thousand dollars for professional services.
The deceased, M. F. Bonzano, left a will appointing executors who presented it for probate to the Civil District Oourt, instead of to the District Oourt of the domicile of the deceased, the parish of St. Bernard. The will stated that domicile. In a day or two after the probate by the Civil District Oourt, the executors, realizing their mistake, had the probate here revoked and asked for the probate in St. Bernard. But they encountered opposition from one of the legal heirs, claiming, in a petition filed previous to the application of the execu - tors, letters of administration. This application for letters by the heir was filed after the probate of the will, by the wrong court, it is true, but notice to all that the deceased had left a will and appointed executors. The St. Bernard court, as might be expected, refused the application .of the heir, probated the will, and issued letters to the executors. The attorney for the heir now. claims they should be paid by the succession for their services in conducting the proceedings to have an administrator appointed.
*1452 It is claimed by the opponents their proceedings were beneficial to the succession. We can hot appreciate the basis for the claim.
The proceedings were in opposition to the will and obstructed its probate. The statement is in the record the opponents were retained with a view to contest the will. When an attorney is employed for one claiming the administration of a succession, and who fails to maintain his claim, the attorney has no claim on the succession for his fee. Succession of Gourjon, 10 Rob. 541; Wailes and Mathews vs. Succession of Brown, 27 An. 411; Succession of Florance, 36 An. 304. In some cases courts have allowed fees for administrations displaced afterward by the executor or heir, or universal legatee. Thus, in one case, the appointment of the administrator seems to have been necessary, and attorney’s fees and commission were allowed for an administration until the legatee appeared and was put in possession; in another, such fees and commissions were allowed one who was appointed to act as executor in case of the absence of another. Succession of McLaughlin, 14 An. 398; Succession of Florance, 36 An. 304. In this case there was no necessity for any appointment as administrator; none was appointed, and there was no occasion for the proceedings of the heir, unless for his own interest. The claim of the attorney is against the heir, not the succession.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.
Nicholls, O. J., absent.